[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

-------------------------------------------

No. 04-13302
Non-Argument Calendar

-------------------------------------------

D. C. Docket No. 03-00131-CV-2-DF-5

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 8, 2005
THOMAS K. KAHN
CLERK

RONALD WALLER,

Plaintiff-Appellant,

versus

JAMES G. ROCHE,
Secretary, United States Air Force,

Defendant-Appellee.

-------------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Georgia

-------------------------------------------------------------------

(June 8, 2005)

Before EDMONDSON, Chief Judge, ANDERSON and MARCUS, Circuit Judges.

PER CURIAM:

Ronald Waller appeals pro se the district court's grant of summary judgment in favor of his former employer, Secretary of the United States Air Force James G. Roche, in this case alleging retaliatory failure to reinstate and race, age, and disability discrimination under Title VII, 42 U.S.C. §§ 2000e, et seq., the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 et seq., and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 et seq. No reversible error has been shown; we affirm.

Waller is an African-American veteran who was 52 years old when he filed the instant complaint. Waller worked at Robins Air Force Base as a civilian employee from 1980 until 1993. Between 1990 and the transfer of his position to the Defense Logistics Agency (DLA) in 1992, Waller filed many Equal Employment Opportunity (EEO) complaints alleging (1) that the Air Force failed to accommodate his medical problems, and (2) that his transfer to DLA was in retaliation for filing previous complaints. Waller's employment was terminated in November 1993. He asserted that the reason given for his termination, that he "threatened to do bodily harm," was erroneous because he had not threatened

anyone.  Waller filed a civil suit in federal court in 1993 about his termination, but the court in 1995 granted summary judgment in favor of Defendant.

In 2000, Waller made three unsuccessful attempts to be reinstated to employment.  Waller discovered that he was eligible for non-competitive reinstatement in August 2000.  Waller believed that non-competitive reinstatement meant that he did not have to compete with other applicants to be reinstated and that he would be placed in any job for which he was qualified.  He contends that the Air Force refused to reinstate him in October 2000 because of his past EEO activities: this act, he claims, forms the basis of the present complaint.

In granting Defendant's motion for summary judgment, the district court[1] determined (1) that Waller conceded he was not making a claim of age discrimination, (2) that Waller failed to make a prima facie case of race discrimination, (3) that Waller admitted he did not have evidence of disability discrimination based on his medical condition, and (4) that Waller failed to show a link between his EEO activities and his non-reinstatement because the same people were not involved.

---

[1] Judge Duross Fitzpatrick of the United States District Court for the Middle District of Georgia presided over both Waller's 1993 action and the present action.

On appeal, Waller, citing Fed.R.Civ.P. 52(b), argues that we should examine the allegedly erroneous fact findings of the district court in his previous case -- and that the district court improperly granted summary judgment in this case -- by leaving issues of fact in dispute: (1) whether the Air Force fraudulently altered his Form SF-50 Personnel Action Form, and (2) whether he was terminated unlawfully in 1993. And Waller challenges as erroneous the district court's determination that non-competitive selection does not mean that an employee automatically would be rehired. To the contrary, Waller contends that the applicable Air Force regulation required that he be selected, as an applicant discriminated against. Waller also brings up the events related to his 1992 EEO filings and his 1993 termination; he suggests that these events show a prima facie case of retaliation and disability discrimination.[2]

We review the district court's rulings on a motion for summary judgment de novo; we view all evidence and factual inferences therefrom in the light most favorable to the non-moving party. Miller v. King, 384 F.3d 1248, 1258-59 (11th

---

[2] We reject Waller's claim that Judge Fitzpatrick should have recused himself because the judge committed "prejudicial errors" in both the 1995 and 2004 judgments. Simply presiding over two cases with the same plaintiff and with overlapping facts -- and entering adverse judgments in each case -- is no evidence of the sort of pervasive bias that could have prejudiced Waller. See United States v. Bailey, 175 F.3d 966, 968 (11th Cir. 1999) (stating that bias sufficient to recuse a judge must come from extrajudicial source, unless pervasive bias or prejudice exists that could prejudice a party).

Cir. 2004). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

First, Waller does not challenge the district court's determinations about his failure to establish race or age-based discrimination: these issues are abandoned. See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989). And Waller offers no substantive argument challenging the district court's determination that he failed to present evidence of a link between his earlier EEO activities and his 2000 non-reinstatement. This issue -- the basis of the district court's rejection of his retaliation claim -- also is abandoned. See id. We also note that Waller admitted that he had no evidence of disability-based discrimination.

We reject, on the basis of res judicata, Waller's attempts (1) to use Rule 52(b) to challenge the findings of fact made by the district court in the previous lawsuit, and (2) to show disability discrimination based on his transfer to DLA or his termination in 1993. See Allen v. McCurry, 101 S.Ct. 411, 414 (1980) (under res judicata, a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action). And

5

Waller's arguments -- including his arguments about the applicable Air Force regulation and the incorrect Form SF-50 -- do not relate to whether he established a causal connection between his 1992-93 EEO activities and his 2000 non-reinstatement. Waller has not shown that the failure to reinstate him was retaliatory.

In sum, the district court properly granted summary judgment in favor of Defendant on all of Waller's claims.

AFFIRMED.